IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION


**LAUREEN LANDIS**                                                                    **PLAINTIFF**

**V.**                                    **CASE NO. 2:26-CV-02064**

**MERCY HOSPITAL PARIS; MERCY HEALTH,
Individually and as Administrator of Mercy Health
Pooled Comprehensive Liability Program and as
Administrator of St. Louis Pooled Comprehensive
Liability Program and f/k/a SISTERS OF MERCY
HEALTH SYSTEM and/or SISTERS OF MERCY
HEALTH SYSTEM, ST. LOUIS, INC.; DOUGLAS A.
BUCKLEY M.D.; DAVID KING M.D.; JOHN DOES
1–8; JOHN DOE INSURANCE COMPANIES/LIABILITY
POOLS 9–13; JOHN DOES 14–20; JOHN DOES
21–25; and THE UNITED STATES OF AMERICA**                          **DEFENDANTS**

## ORDER

Plaintiff Laureen Landis brought this medical malpractice action in the Circuit Court

of Logan County against several different medical providers. On April 29, 2026, the case

was removed to this Court. On May 14, this Court substituted the United States for Glenda

King and River Valley Primary Care Services.  The United States moved to dismiss the

complaint against it on April 29, claiming Ms. Landis has not exhausted her administrative

remedies under the Federal Tort Claims Act ("FTCA"). *See* Doc. 10, p. 2. Ms. Landis has

not filed a response. For the following reasons, the Motion is **GRANTED**, the claims

against the United States are **DISMISSED** without prejudice, and the remaining causes

of action are **REMANDED** back to the Circuit Court of Logan County, Arkansas.

The FTCA is a limited waiver of the United States' sovereign immunity, but "[t]he

FTCA bars claimants from bringing suit in federal court until they have exhausted their

1

administrative remedies." *McNeil v. United States*, 508 U.S. 106, 113 (1993). The Eighth Circuit treats the failure to exhaust administrative remedies under the FTCA as a matter of subject matter jurisdiction. *See King v. United States*, 3 F.4th 996, 999 (8th Cir. 2021). When considering a factual challenge to subject matter jurisdiction under Rule 12(b)(1) of the Federal Rules of Civil Procedure, "the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Osborn v. United States*, 918 F.2d 724, 730 (8th Cir. 1990) (citation modified). To sue the United States for her medical malpractice claims, Ms. Landis must file an administrative tort claim with the Department of Health and Human Services (DHHS). The undisputed affidavit of Dana Wyche-Adams states Ms. Landis has not filed such a claim with DHHS. (Doc. 9-1, ¶ 4). The claims against the United States, therefore, are **DISMISSED**.

Since the action was removed to this Court solely on the United States' presence as a defendant, dismissing the claims against the United States means this Court loses subject matter jurisdiction over the remaining claims. "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). The remaining claims are **REMANDED** to the Circuit Court of Logan County, Arkansas.

**IT IS THEREFORE ORDERED** that the Government's Motion to Dismiss (Doc. 9) is **GRANTED**, the claims against the United States are **DISMISSED** and this case is immediately **REMANDED** to the Circuit Court of Logan County, Arkansas.

**IT IS SO ORDERED** on this 5th day of June, 2026.

_____
TIMOTHY L. BROOKS
CHIEF UNITED STATES DISTRICT JUDGE

2